## Anthony v. Anthony

*S. V. Printz,* for plaintiff.

*Paul A. McGinley,* for defendant.

DIEFENDERFER, J., July 2, 1951.—In April term, 1951, no. 138, Geraldine G. Anthony as plaintiff brought an action in divorce against defendant, Elwood G. Anthony, on the grounds of indignities to the person and cruel and barbarous treatment. Subsequently, in April term, 1951, no. 187, Elwood G. Anthony as plaintiff brought an action against defendant, Geraldine G. Anthony, in divorce, on the grounds of indignities to the person, cruel and barbarous treatment and adultery.

Geraldine G. Anthony in both cases filed petitions with the court for counsel fees and costs and alimony pendente lite. Subsequent thereto, on Saturday, May 5, 1951, at 10:30 a.m and on Friday, May 25, 1951, at 9 a.m. depositions were taken pursuant to agree-

ment of counsel at the times fixed at the Lehigh County Court House Grand Jury Room.

Is petitioner, Geraldine G. Anthony, entitled to alimony pendente lite, counsel fees and costs, and if so, is she entitled to alimony pendente lite, counsel fees and costs in two cases?

In Pennsylvania husband and wife may concurrently maintain separate suits for divorce against each other and pendency of one suit is not a bar to the institution of a separate suit by respondent against libellant.

"The practice, where the two suits are brought in the same county, is to consolidate them by petition and hear them together": The Law of Marriage and Divorce in Pennsylvania, Freedman, vol. 2, p. 1227; see also cases cited therein.

From this, it is obvious that the suits will, upon petition of Elwood G. Anthony, be heard together and there will not be double time or double work involved on behalf of counsel. Therefore, single counsel fees and costs would be allowed but not double counsel fees and costs, as is the purpose of counsel for Geraldine G. Anthony. Furthermore, alimony pendente lite in two cases is too obviously unjustified for further argument.

In a petition for alimony pendente lite, counsel fees and costs, the court is not to go into the merits to a defense on the part of a husband to pay such alimony pendente lite, counsel fees and costs, even though he has alleged in his cross-action adultery on the part of his wife. However, the award of alimony pendente lite, counsel fees and expenses rests in the sound discretion of the court, which acts in the light of all the circumstances surrounding the parties. In the exercise of this discretion, the court is not limited merely to the question of the financial means of the husband and

the wife's necessity. The award need not be made where circumstances are such that justice does not require it. It may therefore be that without disregarding the cautionary principle that to preliminarily adjudge the guilt of the wife is to cut her off from showing that she is in fact innocent, it will in some cases be conceded or admitted that the wife should receive no relief.

As said by Endlich, J., in Shoemaker v. Shoemaker, 5 Dist. R. 449, where the obviously fictitious residence of libellant in the county appeared:

"It is not the rule on such an application to consider the merits of the main controversy—But it is obviously equally inadmissible to disregard altogether, as bearing upon the *prima facie* justice of the application, the inferences and presumptions inevitably springing from the facts surrounding the institution of the proceedings and the conduct of the applicant": Cited in Law of Marriage and Divorce in Pennsylvania, Freedman, vol. 2, p. 964.

This court in each of two cases refused to grant support and requested a special investigation, particularly in regard to her relationship with one Joe Kern.

After an examination of the depositions this court is still of the opinion that petitioner, Geraldine G. Anthony is not entitled to any alimony pendente lite, but is of the opinion that Elwood G. Anthony should pay counsel fees in the amount of $75 to Attorney Stanley Printz.

And now, to wit, July 2, 1951, in the above entitled cases the order of the court is that Elwood G. Anthony pay to Attorney Stanley Printz the sum of $75 as counsel fees covering services in the two above-mentioned divorce cases. Alimony and costs are refused.